IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PEDRO POMALES,

                    Petitioner,

         v.

J.T. SHARTLE,

                    Respondent.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 14-4965 (JBS)

**OPINION**

APPEARANCES:

Pedro Pomales, Petitioner Pro Se
#93921-038
Federal Medical Center
42 Patton Road
Ayer, MA 01434

Anne B. Taylor, Assistant United States Attorney
Office of the United States Attorney
401 Market Street
PO Box 2098
Camden, NJ 08101
Attorney for Respondent

**SIMANDLE, Chief Judge:**

I.   **INTRODUCTION**

        Pedro Pomales, a federal prisoner confined at FMC Devens in

Massachusetts,[1] filed a Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 on August 7, 2014. (Docket Entry

1).  On March 5, 2015, Respondent filed a Motion to Dismiss in

_____

[1] At the time Petitioner submitted his petition, he was confined
at FCI Fairton, New Jersey. (Docket Entry 1 at 6).

lieu of an answer (Docket Entry 7).  Petitioner did not file any opposition to the motion.  Because this Court lacks jurisdiction to consider this petition, and it is not in the interest of justice to transfer the Petition, this Court will grant Respondent's motion and dismiss the Petition for lack of jurisdiction.

**II.   BACKGROUND**

Petitioner was arrested in Springfield, Massachusetts on September 20, 2010, and was found to be in possession of a firearm and 1.3 grams of crack cocaine. (Docket Entry 1 at 3). On June 19, 2012, he pled guilty to conspiracy to distribute or to possess with intent to distribute cocaine base, 21 U.S.C. § 846; possession with intent to distribute cocaine base, 21 U.S.C. § 841; possession of a firearm by a convicted felon, 18 U.S.C. § 922); and carrying and possessing a firearm during and in relation to and in furtherance of drug trafficking, 18 U.S.C. § 924(c). (Docket Entry 7-3 at 3-4). The United States District Court for the District of Massachusetts sentenced Petitioner to two consecutive sixty-month terms of incarceration. Petitioner neither filed a direct appeal nor a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Petitioner was confined at FCI Fairton in New Jersey when he filed this § 2241 petition, and he has since been transferred to FMC Devins in Massachusetts.  Petitioner asserted in the

present § 2241 petition that he is actually innocent of the crimes to which he pled guilty. Specifically, he asserts the Government's evidence was insufficient to prove he was engaged in drug trafficking or had conspired with others to trafficking drugs. (Docket Entry 1 at 3-5).

Respondent argues this Court lacks jurisdiction to consider Petitioner's application as the petitioner challenges the lawfulness of his sentence and that Petitioner has not met the preconditions of the "safety valve" clause of § 2255 as set forth in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). As such, Petitioner must submit a motion to vacate, set aside or correct his sentence under § 2255 in the district of conviction, which is the District of Massachusetts.

Petitioner did not submit any opposition to Respondent's motion.

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d

3

Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

## IV. DISCUSSION

As Respondent's motion is unopposed, this Court will grant the motion. Even if opposition had been filed, such opposition would fail on the merits.

Petitioner challenges his conviction and sentence imposed in the District of Massachusetts under § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 Fed. Appx. 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 Fed. Appx. 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

In *Dorsainvil*, The Third Circuit emphasized § 2255 would not be considered "inadequate or ineffective" merely because a

4

petitioner is unable to meet the stringent gatekeeping requirements of § 2255. *Id.* at 251.  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted); *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002).

Petitioner has cited no intervening change of law in his petition that renders the crimes to which he pled guilty non-criminal. *See Dorsainvil*, 119 F.3d at 251 (holding "safety valve" of § 2255 available to "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law . . . negate[s]"). Rather, he argues that his convictions were unconstitutional from their inception. The challenges Petitioner makes to his convictions were available to him on direct appeal or in a § 2255 motion in

the District of Massachusetts. Section 2255 is not "inadequate or ineffective" merely because Petitioner declined to challenge his sentence by direct appeal, § 2255 motion, or other motion for relief from judgment. Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the District of Massachusetts as Petitioner is clearly time-barred from filing a § 2255 motion.  However, this Court's decision to not transfer this case does not prevent Petitioner from filing in that district should he elect to do so.

V.  **CONCLUSION**

For the foregoing reasons, the Respondent's Motion to Dismiss shall be granted, and the habeas petition will be dismissed due to a lack of jurisdiction.  An accompanying Order will be entered.

<u>  April 21, 2015  </u>                     <u>  s/ Jerome B. Simandle  </u>
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge